IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00619-BNB

NELSON LOUIS STUBBLEFIELD,

    Plaintiff,

v.

MARTIN F. EGELHOFF, Judge, and
ROBERT MCGAHEY, JR., Judge,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 8 2008

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Plaintiff, Nelson Louis Stubblefield, filed *pro se* an amended complaint pursuant to 42 U.S.C. § 1983 (2003), and pursuant to 28 U.S.C. § 1343 (2006). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006). As relief he asks for "the hearing as promised in Judge Egelhoff's courtroom on October 30th 2003." Amended complaint at 8.

The Court must construe the amended complaint liberally because Mr. Stubblefield is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Pursuant to 42 U.S.C. § 1983, Mr. Stubblefield must allege that Defendants violated his rights under the Constitution and laws of the United States while they acted under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended complaint will be dismissed for lack of subject matter jurisdiction.

Mr. Stubblefield claims that in 1986 he was convicted by a jury on criminal charges of first-degree murder, first-degree sexual assault, second-degree burglary, and theft. He further alleges that the convictions were affirmed on appeal. He is suing two state court judges involved in his postconviction proceedings.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the amended complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Mr. Stubblefield is asking the Court to review and reverse decisions entered by the Defendant judges in his state court postconviction proceedings. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,

284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148.

Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). Finally, the *Rooker-Feldman* doctrine bars review not only of final judgments entered by state courts, but also of their interlocutory orders. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000).

As noted above, Mr. Stubblefield is asking this Court to review and reverse decisions entered by the Defendant judges in his state court postconviction proceedings. Therefore, the Court finds that the amended complaint must be dismissed for lack of subject matter jurisdiction pursuant to the **Rooker-Feldman** doctrine. **See Van Sickle v. Holloway**, 791 F.2d 1431, 1436 (10th Cir. 1986). Accordingly, it is

ORDERED that the amended complaint and action are dismissed without prejudice for lack of subject matter jurisdiction. It is

FURTHER ORDERED that the April 3, 2008, motion for clarification is denied for Mr. Stubblefield's failure to comply with the April 4, 2008, order to resubmit this document in legible handwriting.

DATED at Denver, Colorado, this 7 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00619-BNB

Nelson Louis Stubblefield
Prisoner No. 48586
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/8/08

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk